[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was initiated on October 6, 1994, by Jennifer Goeller (Goeller) against the defendant, Safeco Insurance Company of Illinois (Safeco), for underinsurance benefits arising out of an automobile accident with one Mao Ngeat. Prior to the commencement of this action, Goeller settled with the individual CT Page 1534 tortfeasor for $25,000.
After a jury trial before the court, Moraghan, J., in September 1995, a verdict was rendered in the amount of $14,152.82. The court has not yet entered judgment on the verdict. On September 20, 1995, Goeller filed a motion to set aside the verdict and for additur. On October 2, 1995, Safeco filed a motion in arrest of judgment, as well as a motion for remittitur. The court heard argument on all motions on February 20, 1996.
At oral argument, counsel for Goeller argued that Safeco's motion in arrest of judgment is untimely, pursuant to Practice Book § 320, because it was not filed within five days of acceptance of the verdict. In opposition, Safeco argued that the language of Practice Book § 320 allows a motion in arrest of judgment to be filed within five days after the verdict is accepted or judgment rendered. Since the court has not yet entered judgment on the jury's verdict, Safeco argued that its motion is timely because it has until five days after judgment is entered to file the motion. Safeco misinterprets the language of Practice Book § 320 and its motion is untimely.
Practice Book § 320 provides, in part: "Motions in arrest of judgment . . . must be filed with the clerk within five days after the verdict is accepted or judgment rendered . . . ." Safeco argues that it has until five days after the verdict is accepted or judgment is rendered, whichever is later, to file its motion. It makes that argument because § 320 is drafted in the alternative.
To reiterate, Safeco's argument is misplaced. If, as Safeco argues, § 320 were read to mean that a party has five days after the verdict is accepted or judgment is rendered, whicheveris later, that would effectively obviate the need for the words "after the verdict is accepted" in the text of the rule. If Safeco's interpretation of this section is accepted, a party has — in all cases — until five days after judgment is rendered by the court to make a motion in arrest of judgment, since judgment will always be rendered sometime after the verdict is accepted. This is hardly a correct reading of the rule.
The annotations to the practice book suggest that the purpose of a motion in arrest of judgment is to prevent judgment from being entered on the verdict. See Practice Book Annotated CT Page 1535 § 320 (comment), p. 511. The authors of the annotations suggest that the apparent anomaly is the result of a drafting error.
The more likely meaning of § 320 is that a party has five days from the acceptance of the verdict to file a motion in arrest of judgment, and then, once judgment has been rendered, the party has an additional five days from entry of the judgment to file such a motion. However, it would be illogical to hold that a party may file a motion in arrest of judgment from the time the verdict is accepted until five days after judgment is rendered thereon. This would be tantamount to deleting the language "after the verdict is accepted" from the text of the rule.
Kelley v. Bonney, 221 Conn. 549, 557-59, relied upon by Safeco in its argument, is inapposite. In that case, the jury's verdicts were accepted on February 6, 1990, and the plaintiff filed a motion to set aside the verdict on February 9, 1990. Subsequently, on June 8, 1990, the trial court entered judgment on the verdict. The defendant then claimed that because the plaintiff had not filed his motion to set aside the verdict after entry of the judgment, his motion was untimely.
The Supreme Court held that the plaintiff's motion was not untimely because, according to the plain language of Practice Book § 320, a party has five days after the verdict is accepted or judgment is rendered to file such a motion. The court noted that since the plaintiff's motion was filed four monthsbefore judgment was entered, it was timely.
Not explicitly articulated by the court in Kelley v. Bonney
was the fact that the plaintiff's motion was filed within five days of acceptance of the verdict — something which is not present in the instant case. In other words, the plaintiff inKelley v. Bonney complied with the first part of § 320, so there was no need to ascertain whether he had additionally complied with the second part. It thus becomes clear that Kelleyv. Bonney is factually distinguishable from the instant case.
The verdict was accepted by the court on September 15, 1995, and Safeco's motion in arrest of judgment was not filed until October 2, 1995, the motion is untimely and it, together with the motions for demittur, additur and motion to set aside the verdict, are all denied. CT Page 1536
Moraghan, J.